**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

BRANDON THOMPSON,                                     CASE NO.:

    Plaintiff,

v.

FORT LAUDERDALE LAW
GROUP SOUTH, PLLC,
a Florida Limited Liability
Company,

    Defendant.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, BRANDON THOMPSON ("Plaintiff" or "Mr. Thompson"), by and through undersigned counsel, files this Complaint against Defendant, FORT LAUDERDALE LAW GROUP SOUTH, PLLC ("Defendant" or "FLLGS"), and states as follows:

**NATURE OF THE SUIT**

1. This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, lost wages including front and back pay, liquidated damages, reasonable attorneys' fees and costs, and any other damages permitted by law.

**PARTIES, JURISDICTION, AND VENUE**

2. Mr. Thompson was an employee who performed services on behalf of Defendant in Broward County, Florida.

3. FLLGS is a Florida Limited Liability Company located in Broward County, Florida, and which, at all times relevant, performed work in Broward County, Florida.

4. Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

5. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Broward County, Florida.

### **FLSA COVERAGE**

6. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

8. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

10. At all times material hereto, Defendant was primarily engaged in providing, among other things, legal services to local clients via its law practice located in Davie, Broward County, Florida.

11. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

12. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

13. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as printers, computers, and office equipment and supplies, but which had come to rest within its location in Broward County, Florida.

## FACTUAL ALLEGATIONS

14. Mr. Thompson worked for Defendant under the title of Paralegal from June 12, 2018, through December 20, 2019.

15. Mr. Thompson always worked in Broward County, Florida, and his activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

16. Mr. Thompson had no authority to hire or fire employees of FLLGS.

17. Mr. Thompson had no authority to discipline employees of FLLGS.

18. Mr. Thompson had no authority to determine the schedules to be worked by any employees of FLLGS, or to change the schedules.

19. Mr. Thompson had no authority to set rates of pay for other employees or agents of FLLGS.

20. Mr. Thompson had no input into performance reviews of other employees or agents of FLLGS.

21. All of Mr. Thompson's major decisions had to be cleared in advance by one of FLLGS's supervisors.

22. Mr. Thompson was closely monitored by FLLGS's managers and supervisors at all times.

23. Mr. Thompson followed procedures established by FLLGS and did exactly as he was instructed to do.

24.     Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

25.     Defendant paid Plaintiff an hourly rate.

26.     From June 12, 2018, until April of 2019, Plaintiff regularly worked forty-five (45) or more hours per week for Defendant.

27.     Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the above-noted time period, instead paying him nothing at all for such hours during many of his two-week pay periods, or paying him only for some of the overtime hours that he worked.

28.     During the above-noted time period, Plaintiff created handwritten time records and submitted them to FLLGS managers and supervisors each week.

29.     In April of 2019, because Plaintiff had asked FLLGS manager, Adrianne Patterson, why FLLGS was not paying him at all for many of the hours that he worked in excess of forty (40) each work week, FLLGS installed an electronic timeclock.

30.     From April of 2019 until December 20, 2019, after installing an electronic timeclock, Defendant regularly deducted one half-hour from Plaintiff's pay each workday for "lunch breaks" that Plaintiff never was able to take.

31.     During Plaintiff's purported "lunch breaks" during the above-noted time period, Plaintiff was required by FLLGS to respond to emails and answer phone calls that were constantly transferred to him by FLLGS managers and supervisors, and rarely had more than five (5) minutes to hurriedly eat something while working.

32.     When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay him for all overtime hours worked.

33. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

34. Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

35. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

36. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

37. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

38. Based on the allegations in Paragraphs 35-37, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

39.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

40.     Plaintiff reincorporates and re-alleges paragraphs 1 through 39, above, as though set forth fully herein, and further alleges as follows:

41.     Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

42.     During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

43.     Plaintiff was not an exempt employee as defined by the FLSA, and was instead an hourly-paid, non-exempt employee as defined by the FLSA.

44.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages in addition to incurring reasonable attorneys' fees and costs.

45.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

    a.  Declare, pursuant to the FLSA that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b.  Award Plaintiff overtime compensation in the amount due to him for time

    worked in excess of forty (40) hours per work week;

c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Award Plaintiff pre-judgment interest; and order any other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 1st day of May, 2020.

    Respectfully Submitted,

**By: /s/Noah Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*