UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 20-cv-60885-RKA

BRANDON THOMPSON,

    Plaintiff,

v.

FORT LAUDERDALE LAW GROUP SOUTH, PLLC,
A Florida Limited Liability Company,

    Defendant.
_____/

## NOTICE OF FILING PLAINTIFF'S STATEMENT OF CLAIM

Pursuant to this Court's Order in Actions Brought Under the Fair Labor Stands Act dated June 2, 2020 [ECF No. 6], Plaintiff, Brandon Thompson, hereby gives Notice of filing the following Statement of Claim:

## STATEMENT OF CLAIM

Plaintiff states the following:

1. Plaintiff, BRANDON THOMPSON, worked for Defendant from June 12, 2018 through December 20, 2019. Defendant hired Plaintiff to work as a non-exempt hourly paid real-estate paralegal. Plaintiff's job duties include but are not limited to preparing contracts, closing documents, reviewing title reports, monitoring financial transactions and foreclosures, preparing legal descriptions of land, preparing documents for evictions proceedings, etc.

2. Plaintiff regularly worked for Defendant in excess of forty (40) hours within a work week without receiving *any* overtime compensation. Rather than pay Plaintiff time and half overtime as the FLSA required, Defendant elected not to pay Plaintiff any overtime whatsoever for each hour worked over forty (40) per week. From June 12, 2018, until April of

2019, Plaintiff regularly worked forty-five (45) or more hours per week for Defendant. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the above-noted time period, instead paying him nothing at all for such hours during many of his two-week pay periods, or paying him only for some of the overtime hours that he worked. From April of 2019 until December 20, 2019, after installing an electronic timeclock, Defendant regularly deducted one half-hour from Plaintiff's pay each workday for "lunch breaks" that Plaintiff never was able to take. During Plaintiff's purported "lunch breaks" during the above-noted time period, Plaintiff was required by FLLGS to respond to emails and answer phone calls that were constantly transferred to him by FLLGS managers and supervisors, and rarely had more than five (5) minutes to hurriedly eat something while working. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay him for all overtime hours worked Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA throughout his employment. Accordingly, Plaintiff is entitled to compensation for overtime hours each work week Plaintiff estimates his damages as follows:

     3.    While Plaintiff does not have all of his time records, Plaintiff estimates his FLSA damages to be:

**Based on a time and one-half method, Plaintiff calculates his damages as follow:**

**June 12, 2018, through December 20, 2019 (79 weeks)**

**10 hours (approximate OT hours per week) X $22.50 (time and one-half rate of pay) = $225.00 unpaid OT compensation per week X 79 weeks =**

**$17,775.00 (unliquidated) and, if liquidated, $35,550.00**

Plaintiff's Counsel has incurred approximately 8.8 hours of time in this case at a rate of $450.00 per hour, for a total of $3,960.00. Additionally, the costs to date in this case totals $455.00 (filing fee, service of process, copies and postage), for a total of $4,415.00.

Plaintiff is seeking his full payment of all actual overtime wages owed, an equal amount in liquidated damages, plus reasonable attorneys' fees and costs, on his behalf during this litigation of this matter.

Dated this 11th day of June, 2020.

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Rd 84 Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of June, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

*/s/ Noah E. Storch*
Noah E. Storch, Esq.