UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| BRANDON THOMPSON ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FORT LAUDERDALE LAW GROUP ) <br> SOUTH, PLLC, ) <br> ) <br> Defendant. ) <br> ) | Case No. 0:20-cv-60885 |

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS

This Settlement Agreement and Mutual Release of Claims (the "Agreement") is entered into by and between BRANDON THOMPSON ("Plaintiff") and FORT LAUDERDALE LAW GROUP SOUTH, PLLC, ("Defendant"), collectively (the "Parties").

WHEREAS, Plaintiff was an employee of the Defendant;

WHEREAS, Plaintiff filed a civil action against Defendant in the Southern District of Florida, Fort Lauderdale Division, seeking redress for alleged violations of the Fair Standards Labor Act ("FLSA"), Case Number 0:20-cv-60885-RKA; and

WHEREAS, Defendant denies all allegations in the Lawsuit and any liability and/or any other wrongdoing in respect to Plaintiff;

WHEREAS, Plaintiff and Defendant wish to avoid litigation and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

This document is signed using GetAccept Digital Signature Technology.
Fingerprint: 2b89a0ca43abf0d83260033562d1a8eeabcb2bed03b33afcdd6a57f710e91a57576de026eb5804380e7200f61b28bf5f1b4509128587a607ba122ff71bccc26a

STIPULATED AND AGREED by and between the undersigned parties that the above-entitled matter is resolved as follows:

1. RECITALS: The foregoing recitals are true and correct and are incorporated below as if fully set forth therein.

2. RELEASE OF FLSA AND WAGE CLAIMS: In exchange for the consideration set forth in Paragraph 3 below, Plaintiff waives and releases Defendant from any and all claims arising out of or related to the payment of wages during Plaintiff's employment with Defendant including, but not limited to, any claims Plaintiff may have under the FLSA (and its implementing regulations) and any other applicable state or local law that relates to the payment of wages.

3. SETTLEMENT SUMMARY: In exchange for and in consideration of the Releases and promises of Plaintiff in this Agreement, Defendant agrees to pay a total sum of FIFTY-SIX THOUSAND 00/100 dollars ($56,000.00) subject to the exception set forth in section 3.b., infra. The payments will be tendered as follows:

   a. Scheduled Payments

      i. Payments to Brandon Thompson in the gross amount of $16,500.00, as taxable wages, less appropriate taxes and withholdings, to represent the unpaid wages claim. An IRS Form W-2 will be issued to Plaintiff for this amount. Plaintiff must provide a fully completed and executed IRS Form W-4 to counsel for Defendant along with the executed Agreement; and

      ii. Payments to Brandon Thompson in the gross amount of $16,500.00, as liquidated damages. An IRS Form 1099 will be issued to Plaintiff for this amount. Plaintiff must provide a fully completed and executed IRS Form W-9 to counsel for Defendant along with the executed Agreement; and

This document is signed using GetAccept Digital Signature Technology.
Fingerprint: 2b89a0ca43abf0d83260033562d1a8eeabcb2bed03b33afcdd6a57f710e91a57576de026eb5804380e7200f61b28bf5f1b4509128587a607ba122ff71bccc26a

    iii. Payments to RICHARD CELLER LEGAL, P.A. in the amount of $23,000.00, representing attorneys' fees and costs for which separate IRS Forms 1099 shall issue to RICHARD CELLER LEGAL, P.A. Counsel must provide a fully completed and executed IRS Form W-9 to counsel for Defendant along with the executed Agreement. The payments are to be broken up into monthly installments of TWO THOUSAND 00/100 dollars ($2,000.00) to be concluded twenty-eight (28) months following Court Approval of this Settlement Agreement.

    iv. The breakdown of payments ("Schedule A") as determined in mediation is attached hereto as Exhibit A.

b. Early Payment by Defendant

    i. If Defendant pays to Plaintiff FIFTY THOUSAND 00/100 dollars ($50,000.00) within fifteen (15) months from the approval of this Agreement, the Settlement Sum shall be reduced to $50,000.00 and all future payments shall be waived. The breakdown of payments is as follows:

    ii. Payments to Brandon Thompson in the gross amount of $15,000.00, as taxable wages, less appropriate taxes and withholdings, to represent the unpaid wages claim. An IRS Form W-2 will be issued to Plaintiff for this amount. Plaintiff must provide a fully completed and executed IRS Form W-4 to counsel for Defendant along with the executed Agreement; and

    iii. Payments to Brandon Thompson in the gross amount of $15,000.00, as liquidated damages. An IRS Form 1099 will be issued to Plaintiff for this amount. Plaintiff must provide a fully completed and executed IRS Form W-9 to counsel for Defendant along with the executed Agreement; and

This document is signed using GetAccept Digital Signature Technology.
Fingerprint: 2b89a0ca43abf0d83260033562d1a8eeabcb2bed03b33afcdd6a57f710e91a57576de026eb5804380e7200f61b28bf5f1b4509128587a607ba122ff71bccc26a

      iv.    Payments to RICHARD CELLER LEGAL, P.A. in the amount of $20,000.00, representing attorneys' fees and costs for which separate IRS Forms 1099 shall issue to RICHARD CELLER LEGAL, P.A. Counsel must provide a fully completed and executed IRS Form W-9 to counsel for Defendant along with the executed Agreement.

***Plaintiff is aware of and agrees with, the number of attorneys' fees and costs to be paid to Plaintiff's counsel for representing his interest in this matter.***

4.    The first installment of the settlement will be delivered to Plaintiff in accordance with the proposed installment plan within 10 business days after all of the following events occur: (1) the Court's approval of this Agreement; (2) dismissal with prejudice of Plaintiff's claims in the Lawsuit; and (3) Plaintiff's delivery of IRS forms W-4 and W-9 to Defendant's counsel. All subsequent payments will be made on the same day of each subsequent month. If a given month does not contain the same day, the payment shall be due on the last day of the month.

5.    Plaintiff understands and acknowledges that the payments specified in this section were issued based on Plaintiff's agreement to execute this Agreement, including the Mutual Release of wage claims contained herein, and Plaintiff's fulfillment of the promises contained herein.

6.    Defendant makes no representation as to the taxability of the amounts paid to Plaintiff. Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Plaintiff agrees to indemnify Defendant and hold them harmless from any interest, taxes or penalties assessed against it by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff under the terms of this Agreement.

7.    <u>ATTORNEYS FEES.</u>  In the event of any dispute over, relating or referring to this agreement, including but not limited to collections actions, breach of contract/agreement actions,

This document is signed using GetAccept Digital Signature Technology.
Fingerprint: 2b89a0ca43abf0d83260033562d1a8eeabcb2bed03b33afcdd6a57f710e91a57576de026eb5804380e7200f61b28bf5f1b4509128587a607ba122ff71bccc26a

declaratory judgment actions or equitable injunction actions the predominantly prevailing party will be entitled to its reasonable legal costs, expert fees, and attorneys' fees. The Parties agree that Defendant's failure to timely deliver a monthly settlement fund amount by up to five (5) business days shall not constitute a breach of this agreement (this is the "Safe Harbor Period").

8. NO ADMISSION. Neither this Agreement nor the furnishing of the considerations for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Released Party of any liability, unlawful conduct of any kind or violation by the Released Party of the FLSA, and any and all other applicable state, federal, county, or local ordinances, statutes or regulations.

9. OPPORTUNITY TO REVIEW. Plaintiff acknowledges that Plaintiff is aware that Plaintiff is giving up all wage claims and related claims Plaintiff may have against the Released Party. Plaintiff acknowledges that Plaintiff has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. Plaintiff signs this Agreement voluntarily. The Parties agree and acknowledge that this Agreement was drafted by all Parties and their counsel where applicable. The language of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either Party.

10. NON-DISPARAGEMENT.  The Defendant will not disparage Plaintiff's performance or otherwise take any action which could reasonably be expected to adversely affect Plaintiff's personal or professional reputation.  Additionally, Defendant agrees to only provide the customary "neutral" reference if asked about Plaintiff (his dates of employment, last title and duties, etc.), but say nothing about the basis of separation. Similarly, Plaintiff will not disparage the Defendant or any of its directors, officers, agents or Executives or otherwise take any action which could

This document is signed using GetAccept Digital Signature Technology.
Fingerprint: 2b89a0ca43abf0d83260033562d1a8eeabcb2bed03b33afcdd6a57f710e91a57576de026eb5804380e7200f61b28bf5f1b4509128587a607ba122ff71bccc26a

reasonably be expected to adversely affect the personal or professional reputation of the Defendant or any of its directors, officers, agents or employees.

11. NO REHIRE. Plaintiff agrees that, subsequent to his execution of this Agreement, he shall not be eligible for rehire by the Defendant, or any of its subsidiaries, affiliates, parent companies, or other related entities, and shall not apply for any position with the Defendant subsequent to the effective date of the Agreement.

12. SEVERABILITY. Except as set forth below, should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect except for sections 2 and 3, *supra*.

13. VENUE AND GOVERNING LAW. This Agreement shall be governed by the laws of the United States of America without regard to its conflict of laws provision. In the event of any action arising hereunder, venue shall be proper in the Southern District of Florida.

14. ENTIRE AGREEMENT. This Agreement sets forth the entire agreement between Plaintiff and Defendant as to settlement of the Plaintiff's FLSA claims asserted in this case. Plaintiff acknowledges that Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with the decision to sign this Agreement, except those set forth in this Agreement.

15. EXECUTION IN COUNTERPARTS. This Agreement may be executed in any number of counterparts, each of which shall be considered an original. All the counterparts together shall constitute one and the same instrument.

This document is signed using GetAccept Digital Signature Technology.
Fingerprint: 2b89a0ca43abf0d83260033562d1a8eeabcb2bed03b33afcdd6a57f710e91a57576de026eb5804380e7200f61b28bf5f1b4509128587a607ba122ff71bccc26a

16. THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS. THE PARTIES HAVE EITHER BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT OR HAVE BEEN PROVIDED THE OPPORTUNITY TO SECURE COUNSEL TO ADVISE ON THIS AGREEMENT. THIS PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

17. HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF WAGE CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 3 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF WAGE CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASED PARTIES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

[SIGNATURES ON FOLLOWING PAGE]

Thompson v. Fort Lauderdale Law Group South, PLLC Settlement Agreement Page **7** of **8**

This document is signed using GetAccept Digital Signature Technology.
Fingerprint: 2b89a0ca43abf0d83260033562d1a8eeabcb2bed03b33afcdd6a57f710e91a57576de026eb5804380e7200f61b28bf5f1b4509128587a607ba122ff71bccc26a

Dated: 2021-03-03                          FORT LAUDERDALE LAW GROUP SOUTH, PLLC

Sign: *Chris Patterson* ___ Chris Patterson

Name: <u>Chris Patterson</u>

Title: <u>Manager</u>

Brandon Thompson (Mar 1, 2021 23:47 EST)                      Mar 1, 2021

BRANDON THOMPSON                                               Date

Thompson v. Fort Lauderdale Law Group South, PLLC Settlement Agreement Page **8** of **8**

This document is signed using GetAccept Digital Signature Technology.
Fingerprint: 2b89a0ca43abf0d83260033562d1a8eeabcb2bed03b33afcdd6a57f710e91a57576de026eb5804380e7200f61b28bf5f1b4509128587a607ba122ff71bccc26a