**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

CASE NO.: 0:20-cv-60885-PMH

**BRANDON THOMPSON**,

       Plaintiff,

v.

**FORT LAUDERDALE LAW GROUP
SOUTH, PLLC**,

       Defendants.

_____/

**PLAINTIFF'S SECOND MOTION TO ENFORCE SETTLEMENT, FOR SANCTIONS AND ATTORNEYS' FEES AND COSTS AGAINST DEFENDANT, FOR IN-PERSON SHOW CAUSE HEARING, AND TO EXTEND TIME PERIOD COURT HAS TO RESERVE/MAINTAIN JURISDICTION**

Plaintiff, BRANDON THOMPSON ("Plaintiff"), by and through his undersigned counsel, hereby files his Second Motion to Enforce Settlement, for Sanctions and Attorneys' Fees and Costs Against Defendant, FORT LAUDERDALE LAW GROUP SOUTH, PLLC ("Defendant"), for In-Person Show Cause Hearing, and to Extend Time Period Court has to Reserve/Maintain Jurisdiction, and, in support thereof, states as follows:

**BACKGROUND INFORMATION**

Plaintiff and Defendant settled the above-referenced case and filed their Joint Motion for Approval of the Settlement ("Joint Motion") on March 5, 2021. *See* ECF No. 63. Along with the Parties' Joint Motion, the Parties filed the Settlement Agreement and Mutual Release of Claims ("Settlement Agreement"). *See* ECF No. 63-1

On April 1, 2021, this Court issued the Order Approving Settlement Agreement and Dismissing Case with Prejudice. *See* ECF No. 70.

This Court retained jurisdiction to enforce the terms of the agreement for twenty-eight (28) months from April 1, 2021.

Pursuant to the Settlement Agreement, Defendant agreed to pay a total sum of $56,000.00. *See* ECF No. 63-1 at ¶ 3.  Specifically, pursuant to the Settlement Agreement, Defendant was/is required to make the following payments: (1) payment to Plaintiff in the gross amount of $16,500.00, representing unpaid wages; (2) payment to Plaintiff in the gross amount of $16,500.00 representing liquidated damages; and (3) payment to Richard Celler Legal, P.A. in the gross amount of $23,000.00 for attorneys' fees and costs. *Id.* at ¶ 3(i), 3(ii), and 3(iii).  The foregoing payments were to be paid pursuant to the breakdown of payments in Schedule A, which set forth monthly payments to be made by Defendant. *See* Schedule of Payments attached hereto and incorporated herein as Exhibit "A."

Defendant started off by timely making the requisite monthly payments, and did so through May 2022.  Unfortunately, the June 2022 monthly payment did not arrive until July 2022, and that was the last payment made by Defendant.

Pursuant to the Settlement Agreement, the Parties agreed that the failure to deliver the monthly settlement amount by up to five (5) business days shall not constitute a breach of the Settlement Agreement. *See* ECF No. 63-1 at ¶7.

However, Defendant has been in breach of the monthly payments for well over five (5) business days, and, therefore, is in breach of the Settlement Agreement.  Simply, Defendant has failed to comply with the Settlement Agreement, choosing, instead, to breach same.  Defendant has been made aware of the breach, but has failed to cure the breach despite ample time to do so.

Defendant has failed to make any required monthly payment pursuant to the Settlement Agreement since the late June 2022 payment arrived in July 2022.  As such, Defendant has failed

to comply with the Settlement Agreement, and has breached same, failing to timely (or at all) pay the monthly settlement payments for July 2022, August 2022, September 2022, October 2022, November 2022, December 2022, January 2023, February 2023, March 2023, April 2023, May 2023, and June 2023.

As a result of the foregoing, Defendant is in breach of the Settlement Agreement.

As of the time of the filing the instant Motion, Defendant has failed to cure its ongoing breach of the Settlement Agreement. As stated, Defendant has not paid any monthly settlement payment for July 2022, August 2022, September 2022, October 2022, November 2022, December 2022, January 2023, February 2023, March 2023, April 2023, May 2023, and June 2023.

Undersigned Counsel's office has attempted to work out same with Counsel for Defendant, who advised is still representing Defendant, to no avail.

The fact remains that Defendant has breached the Settlement Agreement, and the breach has gone well beyond the five (5) business day cure period for each of the aforementioned monthly payments.

Simply, despite having entered into the settlement agreement, Defendant failed to make any agreed upon payments for July 2022, August 2022, September 2022, October 2022, November 2022, December 2022, January 2023, February 2023, March 2023, April 2023, May 2023, and June 2023, thereby breaching the Settlement Agreement, and the breach of same is still ongoing.

As a result of Defendant's breach of the Settlement Agreement, Plaintiff was forced to file his first Motion to Enforce Settlement, for Sanctions and Attorneys' Fees and Costs on March 8, 2023. *See* ECF No. 71.

Defendant failed to respond to Plaintiff's foregoing motion, prompting Plaintiff to file a Notice of Defendant's Failure to Respond to Motion to Enforce Settlement, for Sanctions and Attorneys' Fees and Costs. *See* ECF No. 72.

On March 27, 2023, this Court issued the Paperless Order requiring Defendant to Respond to Plaintiff's Motion to Enforce Settlement, for Sanctions and Attorneys' Fees and Costs on or before March 30, 2023. *See* ECF No. 73.

March 30, 2023, came and went without any response from Defendant. As such, not only has Defendant failed to response to Plaintiff's Motion to Enforce Settlement, for Sanctions and Attorneys' Fees and Costs, Defendant has violated this Court's Order. As a result of Defendant's dilatory conduct and non-compliance, which can only be characterized as knowing and intentional, Plaintiff filed his Notice of Defendant's Failure to Comply with Court Order and to Respond to Motion to Enforce Settlement, For Sanctions and Attorneys' Fees and Costs Against Defendant. *See* ECF No. 74.

On May 11, 2023, this Court issued an Order granting Plaintiff's Motion to Enforce Settlement, for Sanctions and Attorneys' Fees and Costs Against Defendant. *See* ECF No. 75.

Pursuant to the Court's Order, Defendant was ordered to make all overdue payments no later than May 31, 2023. *Id.* In addition, Defendant was ordered to timely make any remaining payments. *Id.* Finally, Defendant was ordered to pay Plaintiff's attorneys' fees and costs in the amount of $1,890.00 for having to bring the enforcement motion. *Id.*

Defendant has completely disobeyed and disregarded this Court's Order. Specifically, Defendant failed to make all overdue payment by May 31, 2023. In fact, as of the time of the filing of the instant motion, Defendant has not made any single payment.

Further, Defendant has disobeyed and disregarded this Court's Order because it has failed to make any remaining payments – as stated above, no single payment has been made since the Court's Order.

Finally, Defendant has failed to pay Plaintiff's attorneys' fees and costs in the amount of $1,890.00, and, therefore, is in violation of the Court's Order regarding same.

Based on the foregoing, it is clear the Defendant refuses to comply with this Court's Orders.

What is more, is the fact that Defendant is a law firm, operated/managed by Chris Patterson (he signed the settlement agreement), Esq., a lawyer who is admitted to the Florida Bar, and who knows that compliance with Court Orders is not optional. Mr. Patterson, on behalf of Defendant, must not be permitted to engage in his current manner, but, instead, must be held accountable.

Based on the foregoing, Plaintiff requests this Court conduct an in-person show cause hearing, requiring Defendant, specifically Mr. Patterson on behalf of Defendant, to appear in person and to show cause why additional sanctions against him should not be imposed.

Plaintiff also requests that the instant motion be granted, and that Plaintiff be awarded additional attorneys' fees and costs against Defendant.

Finally, Plaintiff requests that the time period for the Court to reserve/maintain jurisdiction be extended until Defendant is in compliance with the Settlement Agreement and this Court's Order.

Defendant has been afforded the opportunity to pay the settlement amount in multiple installments, and has had more than enough time to cure the continued breach.

Plaintiff respectfully requests that the Court not allow the Defendant to disregard the Settlement Agreement and this Court's Orders.

Plaintiff's counsel certifies that good faith efforts to resolve this matter were made prior to filing the instant Motion but were unsuccessful.

## **MEMORANDUM OF LAW**

Plaintiff is clearly entitled to the requested relief because Defendant cannot dispute that it has breached the settlement as a result of the failure to make any agreed upon payments for July 2022, August 2022, September 2022, October 2022, November 2022, December 2022, January 2023, February 2023, March 2023, April 2023, May, 2023, and June 2023.

This Court has jurisdiction to enforce the terms of the settlement agreement. *See* Ford v. Citizens & Southern Nat'l Bank, 928 F.2d 1118, 1121 (11th Cir. 1991) ("Under federal law, a district court has inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case.") (internal citations omitted); *see also* Murchison v. Grand Cypress Hotel Corp., 13 F.3d 1483 (11th Cir. 1994) (enforcing settlement agreement because there was no material dispute about the existence of the agreement). This Court should not allow Defendant to continue to refuse to pay Plaintiff while simultaneously reaping the benefits of the bargain with which they have not complied.

Furthermore, Plaintiff requests the Defendant be sanctioned and required to pay Plaintiff's attorneys' fees and costs for its conduct, which is permitted by the Settlement Agreement. Defendant's failure to pay the settlement funds necessitated the need to file the instant Motion.

Additionally, this Court should extend the time period for the Court to reserve/maintain jurisdiction until Defendant is in compliance with the Settlement Agreement and this Court's Order.

Plaintiff also requests this Court conduct an in-person show cause hearing, requiring Defendant, specifically Mr. Patterson on behalf of Defendant, to appear in person and to show cause why additional sanctions against him should not be imposed.

## CERTIFICATE OF CONFERRAL

Pursuant to the Local Rules for the Southern District of Florida, Plaintiff's Counsel hereby certifies that several attempts were made to cure Defendant's breach of the Settlement Agreement with Defendant's Counsel, however, same were unsuccessful and, this Motion should be considered opposed.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully request that the Court grant the instant Motion in its entirety, enter an order requiring Defendant to immediately pay to Plaintiff the entire balance owed under the Settlement Agreement, to instruct Defendant to ensure timely payments are made for each of the payments remaining pursuant to the Settlement Agreement, to require Defendant to pay the $1,890.00 previously awarded as a sanction against Defendant, to grant additional attorneys' fees and costs against Defendant, to conduct an in-person show cause hearing where Mr. Patterson is required to attend on behalf of Defendant, and to extend the time period for the Court to reserve/maintain jurisdiction until Defendant is in compliance with the Settlement Agreement and this Court's Order, and grant such other and further relief as is just and proper.

DATED this 20th day of June, 2023.

>Respectfully submitted,
>*/s/ Noah E. Storch*____
>Noah E. Storch, Esq.
>Florida Bar No.: 0085476
>RICHARD CELLER LEGAL, P.A.
>10368 W. SR. 84, Suite 103
>Davie, Florida 33314
>Tel: (866) 344-9243
>Fax: 954-337-2771
>E-mail: noah@floridaovertimelawyer.com
>
>*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of June, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all Counsel of Record.

>*/s/ Noah E. Storch*____
>Noah E. Storch, Esq.