UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 20-60885-CIV-HUNT

CONSENT CASE

BRANDON THOMPSON,

    Plaintiff,

v.

FORT LAUDERDALE LAW GROUP
SOUTH, PLLC,

    Defendant.
_____/

**ORDER**

THIS MATTER is before this Court on Plaintiff's Second Motion to Enforce Settlement, For Sanctions and Attorneys' Fees and Costs Against Defendant, For In-Person Show Cause Hearing, And to Extend Time Period Court Has to Reserve/Maintain Jurisdiction ("Second Motion to Enforce"). ECF No. 76. Pursuant to the Parties' consent, this case is before the undersigned for all proceedings, including trial and entry of final judgment. *See* ECF Nos. 68, 69.

This case includes claims under the Fair Labor Standards Act ("FLSA") for alleged violations of the statutory wage and overtime provisions. *See* 29 U.S.C. § 201, *et seq*. ECF No. 1. The Parties reached a settlement and submitted the settlement agreement for this Court's approval. ECF No. 63. The undersigned approved the settlement agreement, dismissed the case with prejudice, and retained jurisdiction to enforce the terms of the agreement for twenty-eight months from the date of dismissal. ECF No. 70.

Plaintiff previously moved this Court to enforce the settlement agreement against Defendant, to require Defendant to immediately pay the balance of all missed payments, and to instruct Defendant to ensure timely payments are made for the remaining payments.  ECF No. 71.  Plaintiff alleged that Defendant failed to make any payments after July 2022.  Defendant did not respond to the previous motion, even after being ordered by the Court to do so.  The undersigned granted the previous motion to enforce and ordered Defendant to make all overdue payments and timely make any remaining payments.  ECF No. 75.

Plaintiff, once again, moves this Court to enforce the settlement agreement, require Defendant to make all outstanding payments, and for a show-cause hearing.  ECF No. 76.  Plaintiff also requests that this Court continue to maintain jurisdiction over the agreement until Defendant complies with this Court's previous order and the settlement agreement.  Defendant has not responded to the Motion and the deadline to respond has passed.

Prior to the court granting a Motion for an Order to Show Cause, the moving party must demonstrate by clear and convincing evidence that the "alleged contemnor violated a court's earlier order."  *Peery v. City of Miami*, 977 F.3d 1061, 1077 (11th Cir. 2020) (quotation omitted).  "The clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order."  *Id.* at 1076–77 (quoting *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002)).  Once the moving party makes its prima facie showing, the burden then shifts to the alleged

contemnor to produce evidence explaining its noncompliance at a show cause hearing. *Id.*; *see also FTC v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010).

Here, Plaintiff has demonstrated that not only has Defendant failed to follow the terms of the settlement agreement but also that Defendant has failed to follow this Court's Enforcement Order.  This Court's Order was valid, clear and unambiguous, and—without any evidence to suggest otherwise—Defendant had the ability to comply.  The undersigned ordered Defendant to make all outstanding payments and ordered Defendant to timely make any remaining payments.  Defendant failed to do so.  Defendant also failed to alert the Court of any reasons for its failure. Therefore, Plaintiff's Second Motion to Enforce, ECF No. 76, is **GRANTED**.

Based on the foregoing, the undersigned **ORDERS** and **ADJUDGES** as follows:

1. Defendant shall pay all outstanding payments, including the previously order attorneys' fees and costs, no later than August 14, 2023.

2. Plaintiff is also entitled to reasonable attorneys' fees and costs associated with the Second Motion to Enforce.

3. Further, a show cause hearing as to why Defendant should not be held in contempt and why Mr. Chris Paterson should not be sanctioned shall be scheduled for **August 21, 2023**, at **10:00 a.m.** in Courtroom 310b.

4. Lastly, counsel of record Mr. Jesse Ian Unruh is expected to attend the hearing or otherwise alert the Court why he has failed to respond to any Motions or Orders within this action.

5. The undersigned shall retain jurisdiction over the agreement until Defendant is within compliance.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida, on July 26th, 2023.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record